UNITED STATES, PLAINTIFF *v.* JOSEPH ALMANY, D/B/A J.A. IMPORTS, DAVID JORDAN, INC., AND FAR WEST INSURANCE CO., DEFENDANTS

FAR WEST INSURANCE CO., CROSS-CLAIMANT *v.* JOSEPH ALMANY, D/B/A J.A. IMPORTS, AND DAVID JORDAN, INC., CROSS-DEFENDANTS

Court No. 96–02–00384

(Dated June 3, 1998)

*Frank W. Hunger,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(A. David Lafer, Franklin E. White, Jr.),* for plaintiff.

*Joseph Almany,* for defendants Joseph Almany and David Jordan, Inc.

*Glad & Ferguson (T. Randolph Ferguson),* for defendant and cross-claimant Far West Insurance Company.

## OPINION

### BACKGROUND

MUSGRAVE, *Senior Judge:* Plaintiff U.S. Customs Service ("Customs") alleges that defendant, Joseph Almany ("Almany"), entered goods into the stream of U.S. commerce in violation of 19 U.S.C. § 1592, which prohibits any person from entering goods into U.S. commerce by fraud or negligence and provides penalties for its violation. Customs alleges that Almany fraudulently used two invoices for his merchandise entries, one which stated the real value of the goods, and another actually submitted to Customs which undervalued the goods and resulted in the assessment of lower duties. Pursuant to its investigation and its powers under 19 U.S.C. § 1592, Customs fined Almany for the $5,016.87 owed in lost duties, and an additional $413,138.00 (the domestic value of the improperly entered merchandise) as a penalty for the fraud.

Customs initiated this action in February, 1996, to collect the penalty owed by Almany and his bond-holder surety, Far West Insurance Co.

("Far West"). On September 27, 1996, Customs filed a motion requesting admissions, to which Almany did not reply. On December 2, 1996, Customs moved this Court to deem the statements admitted and established. That same day, Almany served his response; however it was both untimely (more than 30 days overdue) and deficient (lack of defendant counsel's signature failed to comply with Rule 11 form, and absence of substantive, good faith responses failed to comply with Rule 36(a) form). Thus, on January 13, 1997, this Court granted Customs' motion and ordered that Customs' statements be deemed admitted and conclusively established pursuant to Rules 36(a) and (b) of the court.

Customs filed a motion for partial summary judgment on March 13, 1997. Customs asserts that as a result of this Court's Order, conclusively establishing Customs' admissions, there is no dispute regarding the elements which make out a violation of 19 U.S.C. § 1592. Thus, Customs seeks partial summary judgment on the issue of Almany's liability for customs penalties and lost customs duties, and Far West's liability as surety for lost customs duties. Such judgment would be partial to the extent that it would still remain to be determined whether Almany's actions constitute fraud, gross negligence or negligence under 19 U.S.C. § 1592, each category carrying with it a different fine.

Almany filed a motion to dismiss this action. However, the motion was filed late and is untimely; it should have at least been sent certified mail by May 12, 1997, to be considered received by the Court by that time. Instead, the motion is dated May 15, 1997, but was not sent certified mail and therefore was received and deemed filed on May 19, 1997.

Almany argues several points in his untimely motion. Almany alleges a failure to prosecute on the part of Customs and that Customs' claim is barred by the statute of limitations; requests that Judge Musgrave recuse himself; and requests that the Court dismiss or reconsider all prior rulings.

Finally, Far West filed a cross-claim against Almany and a motion for summary judgment on February 27, 1997. Far West admits that it is the surety for Almany, holding a continuous bond on Almany's merchandise, including that in this case. Far West asks the Court to order Almany to (1) indemnify and reimburse Far West for any and all sums paid to Customs under its bond plus expenses, and (2) exonerate Far West from any and all liability under its bond claimed by Customs. Far West contends that by this Court's order admitting Customs' statements conclusively, sufficient facts are established on which to grant it summary judgment.

## STANDARD OF REVIEW

The Court has jurisdiction over this matter pursuant 28 U.S.C. §§ 1582 and 1583 (1994). The Tariff Act of 1930 establishes that the Court of International Trade shall review *de novo* a civil action commenced by the United States to recover customs duties and penalties. 19 U.S.C. § 1592(e) (1994).

492

The parties have moved for summary judgment. Summary judgment is appropriate if "there is no genuine issue as to any material fact * * * and the moving party is entitled to judgment as a matter of law." CIT R. 56(d); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). "The party opposing summary judgment may not rest on its pleadings, but must respond with specific facts showing the existence of a genuine issue for trial." *Pfaff American Sales Corp. v. United States*, 16 CIT 1073, 1075 (1992) (citations omitted).

The Court of Appeals for the Federal Circuit considers the use of summary judgment to be an efficient mechanism for the resolution of disputes.

> The recent trilogy of Supreme Court cases establishes that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"

*Avia Group Int'l, Inc. v. L.A. Gear California, Inc.*, 853 F.2d 1557 (Fed. Cir. 1988) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); citing *Anderson v. Liberty Lobby*, 477 U.S. 242 and *Matsushita Electric Industry Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)). The Court finds that no genuine issue as to any material fact exists and that partial summary judgment may be granted.

## DISCUSSION

### I. *Customs' motion for partial summary judgment*

Customs is seeking partial summary judgment on the issue of Almany's liability under 19 U.S.C. § 1592 with material omissions and false statements made in connection with 23 entries of watches filed with Customs in Los Angeles.[1] Customs alleges that Almany knowingly, voluntarily and intentionally entered the merchandise by means of documents which understated the dutiable value, depriving the U.S. of $5,016.87 in lost duties.

19 U.S.C. § 1592 allows the government to collect much more than just the lost duties, depending on the level of culpability of the accused. This section prohibits the entering of any merchandise into U.S. commerce by fraud, gross negligence, or negligence. The penalties for each, in addition to Customs' claim for lost revenue, can be as much as the total domestic value of the merchandise for fraud, or multiples of the duties owed for negligence. Customs is alleging that Almany's actions rise to the level of fraud, and thus claims a penalty owed of $413,138.00 in addition to the lost duties, representing the total domestic value of the imported watches. Customs is requesting partial summary judgment to

---

[1] Customs is proceeding against Joseph Almany, doing business as J.A. Imports, as well as David Jordan, Inc., which is the same business formerly known as J.A. Imports. There is a notice of name change (a Rider Name Change of Principal) in the record establishing that J.A. Imports is now David Jordan, Inc.; the president of David Jordan, Inc., is Almany's wife and its corporate address is the same as his home address. Far West Insurance Co. is also named as defendant because it holds a continuous bond for Almany and on the merchandise entered in this action, and is therefore liable as Almany's surety for duties owing on the merchandise. All these facts are deemed conclusively established by this Court's January 13, 1997, Order.

declare that Almany is liable for violating 19 U.S.C. § 1592; the remaining issue will be a determination of the appropriate level of culpability under that section.

Because of this Court's January 13, 1997 Order "conclusively establishing" the facts of this case, Customs asserts that there are no genuine issues of fact in dispute. Those facts are that Joseph Almany entered merchandise using "double" invoices, one with the actual value of the merchandise, upon which appeared the words "actual" or "invoice paid on," and a second which was presented to Customs understating the value of the merchandise, on which Almany had handwritten "invoice presented to Customs." The use of documentation undervaluing the merchandise caused Customs to assess lower duties than were applicable, resulting in the loss of duties. Almany's activities were discovered in 1991 when a Customs officer inspected Almany's possessions and person upon his entry into Los Angeles from a business trip to Hong Kong, and the officer discovered both sets of "actual" and "presented to Customs" documentation on Almany.

19 U.S.C. § 1592 attaches liability to an entity who enters merchandise "by means of any document * * * which is material and false." Pl.'s Mot. for Partial Summ. J. at 8. Customs correctly notes that a "false invoice statement of price is, as a matter of law, a material false statement within the meaning of § 1592." *Id.* (citing *United States v. Modes, Inc.*, 16 CIT 879, 884–85 (1992)). The false statements are material because they prevented Customs from assessing proper duty amounts upon the merchandise. Customs properly submitted demands for payments and notification to Almany of their intent to assess and pursue a penalty, in accordance with its procedures.

Customs has established its entitlement to summary judgment. There is no dispute regarding the facts in this case, which demonstrate Almany's liability for 19 U.S.C. § 1592 violations. Equally valid is Customs' claim against Far West as surety for Almany, although Far West is only liable to the extent of the lost duties. The Court grants Customs' motion for partial summary judgment.

## II. *Almany's motions*

Almany filed a motion to dismiss, which contained several motions in one document. These include: (A) motion to dismiss for failure to prosecute; (B) motion for summary judgment for failure to timely file complaint; (C) motion for recusal of Judge Musgrave; and (D) reconsideration of the ruling deeming Customs' admissions conclusively established. Almany has not responded to Customs' allegations nor replied to Customs' motion for partial summary judgment other than to submit this compilation of motions.

## (A) *Failure to prosecute*:

Almany claims that this case must be dismissed due to a failure by Customs to appear for trial. The original scheduling order in this case set trial for March 12, 1997, but this was amended to March 13, 1997, in

an order of the Chief Judge dated Sept. 23, 1996. After this Court ruled on January 13, 1997 that all of plaintiff's admissions would be conclusively established, Customs moved to amend the scheduling order on the ground that a trial might not be necessary, and to allow it to file a motion for summary judgment. Customs served Almany, on February 18, 1997, with a motion to amend the scheduling order, but Almany never responded to that motion. Far West filed a motion for summary judgment on February 27, 1997, and Customs did the same on March 13, 1997, which resulted in a continuance of the trial. Almany made no reply until filing this motion to dismiss on April 7, 1997. Almany's claim that the government has forfeited its case by missing the trial "set" for March 13, 1997 has no merit, and nothing other than Almany's own failure to respond to and lack of due diligence in these proceedings account for ignorance of the fact that there is not now nor has there been an established trial date.

(B) *Failure to timely prosecute; statute of limitations*:

Almany argues that Customs' claim is barred by failure to bring action within the statute of limitations. The record demonstrates that Almany's alleged fraudulent activities were not discovered until March 21, 1991. The complaint in this case was filed on February 7, 1996, within 5 years of discovery as required by 19 U.S.C. § 1621 (1994) (actions commenced pursuant to 19 U.S.C. § 1592 must be brought within 5 years of discovery of the alleged offense). *See* Pl.'s Mem. *in* Supp. of Pl.'s Mot. for Partial Summ. J. at 8 n. 6. Thus, Almany's asserted affirmative defense that the statute of limitations has run cannot stand and is rejected.

(C) *Recusal*:

Almany alleges several conversations took place between plaintiff's counsel Franklin White and Court of International Trade Clerk, Ms. Karen Modell. Almany asserts that these conversations rose to the level of *ex parte* communications, prejudicing the Court against Almany, and requiring recusal of the assigned Judge, Judge Musgrave. Although Almany singles out Judge Musgrave, to whom this case is assigned, Almany additionally makes the sweeping statement that it is impossible for him to receive a fair hearing before the *entire* Court of International Trade ("CIT") because of the "close and intimate relationship" between the CIT and the United States Department of Justice. Def.'s Opp'n Mem. to Pl.'s Mot. for Summ. J. ("Def.'s Mot.") at 2–3. Almany begs the Court to consider the absurdity that no CIT Judge could try a case in which the government is a party, and the Court declines this invitation.

It is not only part of the CIT Courtroom Clerk's standard procedure to speak with parties regarding scheduling of matters before the Court, it is the affirmative duty of the Clerk to do so. The Position Description itself states that the Courtroom Clerk shall "[c]onfer[] with attorneys," and "[s]erve[] as the main source of procedural information to attorneys for the scheduling or rescheduling of conferences, hearings and trials."

Almany and Customs agree that Franklin White of the Department of Justice was contacted by the CIT Courtroom Clerk assigned to this case, Ms. Karen Modell, regarding the trial set in this case. Because of this Court's January 13, 1997 Order establishing Custom's statements as admitted, Mr. White's response to Ms. Modell's inquiry was that a motion for summary judgment would be submitted in lieu of trial. This is normal procedure required by the Clerk's position, and this conversation does not rise to the level of *ex parte* communication (the Clerk is not expected to be involved in the decision making process and the communication was not relevant to the substance of the proceeding). Almany's claim here is also without merit and rejected.

(D) *Reconsideration of rulings*:

Almany is requesting this Court to reconsider its order deeming all admissions as conclusively established. Almany argues that he thought the motion requesting that Customs' admissions be accepted and conclusively established was "merely advisory" and that there was confusion as to whether the motion had actually been filed with the Court. Almany asserts that the government had a duty to call and inform him of inadequacies in his responses, and that the Justice Department's failure to do so prejudiced his case. Def.'s Mot. at 3–4.

Customs correctly reiterates the chain of events which render Almany's argument void of any merit. Almany never responded to Customs' September 27, 1996 request for admissions; Almany never filed a motion for extension of time; Almany finally filed responses in December, 1996, but they were not acceptable for failure to comply with CIT Rules 11 and 36(a). Further, Almany never responded to Customs' December 2, 1996 letter notifying Almany of its intention to file a motion to have admissions conclusively established; Almany never responded to the motion itself. Only in Almany's April 7, 1997 motion to dismiss does Almany contest this Court's Order deeming the statements conclusively established. Customs argues that Almany had ample time and opportunity to cure its own inadequacies and should not be allowed to do so now, three months after entry of the order. Pl.'s Reply to Def.'s Opp'n to Pl.'s Mot. at 5. There is no substantive ground on which to reconsider the order, and thus Almany's final motion is also without merit and rejected.

III. *Far West's motion for summary judgment*

Far West has held a continuous bond for Almany and his business, J.A. Imports (now known as David Jordan, Inc.), since 1987. Under that bond, Far West is liable as surety for the debt incurred by Almany to the extent of lost customs duties. This debt arises from the customs duties allegedly owed by Almany to Customs, in the amount of $5,016.87. Because Far West is surety for Almany, Customs named Far West in its complaint as being jointly liable for this claim against Almany.

Far West seeks summary judgment to compel Almany to indemnify and exonerate Far West under its bond. That is, should Customs prevail against Almany in this action, Far West would also be liable for Almany's

owed duties. As a result of the Court granting Customs' motion for partial summary judgment, *see I, supra,* Customs has prevailed against Almany. Indemnification and exoneration would absolve Far West of liability for Almany's debt. The Court notes that under its bond, Far West would only be liable for lost customs duties, while Almany would be liable for both lost duties and any penalty amount pursuant to 19 U.S.C. § 1592.

Far West argues that a surety, such as itself, is entitled to exoneration from its principal once the underlying debt has matured. Far West argues that under *Milwaukie Construction Co. v. Glen Falls Insurance Co.*, 367 F.2d 964 (9th Cir. 1966), there is a right of the surety to be protected by its principal, and the surety may ask the court to compel the principal to exonerate him: the surety "is not obliged to make inroads into his own resources when the loss must in the end fall on the principal." *Id.* at 966.

In *Milwaukie Construction*, the court held that where a surety knows that liability claims would be filed against it by its principal, the surety is able to obtain indemnification from the principal even though the surety did not know the amount of the claims. However, in that case, the contract between the parties explicitly provide for indemnity. *Id.* In this case, the record establishes the existence of a continuous bond between Far West and Almany's business, but the bond does not have an indemnification clause nor does Far West allege in its motion that there is such a contractual agreement between it and Almany. Far West relies on the well-settled principal that "equitable considerations" allow indemnification "irrespective of the existence of an express contract of indemnity." 74 Am.Jur.2d Suretyship § 171 (1974).

Far West further argues that a surety who pays the debt of the principal is entitled to recover the debt paid. 72 C.J.S., Principal and Surety § 230 (1987). Far West states that "[a]lthough [it] has not yet paid plaintiff's [Customs'] claim for lost revenue, it will be under an obligation to do so if judgment is entered in favor of plaintiff * * *. Accordingly, the Court should enter a judgment which requires defendants Joseph Almany and David Jordan, Inc. to reimburse Far West for any amounts paid to U.S. Customs." Mot. for Summ. J. on Cross-Cl. by Def. Far West at 6.

Far West is correct that a surety is entitled to reimbursement from its principal. However, a surety cannot seek reimbursement from the principal until the surety has actually paid the principal's debt. A surety could withhold payment on a debt which has become due, and, without paying, file a bill in equity or *quia timet* to compel the principal to exonerate the surety. In either event, a surety cannot be exonerated from liability on the principal's debt until the debt has matured and come due. *See Borey v. Nat'l Union of Fire Ins. Co.*, 934 F.3d 30 (2nd Cir. 1991) (alleged loss of *quia timet* and exoneration rights were not sufficient irreparable harm to justify preliminary injunction).

The debt in this case has matured and come due by virtue of the Court granting Customs' motion for partial summary judgment, *supra*. The Court has found Almany liable for a violation of 19 U.S.C. § 1592, and, as a result, the debt which arises from this violation has matured. Thus, Far West's motion for summary judgment on the issue of indemnification and exoneration from Almany is appropriately before the Court and hereby granted.

CONCLUSION

For the foregoing reasons, Customs' motion for partial summary judgment and Far West's motion for summary judgment are granted. Almany's motions are denied.